# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

**CATHERINE M. MARTINEZ,**

    Plaintiff,

vs.                                                                            No. CIV 99-298 M/LCS

**KENNETH S. APFEL**, Commissioner,
**Social Security Administration,**

    Defendant.

## MAGISTRATE JUDGE'S PROPOSED FINDINGS
## AND RECOMMENDED DISPOSITION

THIS MATTER comes before the Court upon Plaintiff's Motion to Reverse, or in the Alternative, to Remand for a Rehearing *(Doc. 7)*, filed August 16, 1999. The United States Magistrate Judge, having considered the Motion, the memoranda submitted by the parties, the administrative record and the applicable law, finds that the motion is well-taken in part and recommends that it be GRANTED IN PART.

### Proposed Findings

1. Plaintiff Catherine Martinez ("Martinez") filed an application for disability insurance benefits with the Social Security Administration on May 5, 1994. In that application, Plaintiff alleged that he suffered from a disabling condition due to degenerative joint disease in both knees, chronic pain in her right wrist, and major depression. *See* Record at 144-148. Martinez' initial claim was disapproved on August 9, 1994. *See* Record at 164. Martinez made a timely request for reconsideration, which was also denied on October 27, 1994. *See* Record at 170. Martinez also appealed this denial and requested a hearing before an administrative law

judge. *See* Record at 173.

2. The Commissioner's administrative law judge (ALJ) conducted a hearing on July 12, 1995 to determine whether Plaintiff was disabled on or before December 31, 1994, the last date that Plaintiff met the earnings requirement for disability insurance. *See* Record at 36, 41. The ALJ denied Plaintiff's application in a decision issued March 5, 1996. *See* Record at 310-20. In that decision, the ALJ found that Martinez was not disabled at step 5 of the sequential analysis set out in 20 C.F.R. § 404.1520(a)-(f) and *Thompson v. Sullivan,* 987 F.2d 1482, 1487 (10th Cir. 1993). The ALJ found that Martinez could not return to her past relevant work, but had a residual functional capacity for work at both the sedentary and light levels of exertion, with a sit and stand option. *See* Record at 316. Based on the testimony of William Krieger, a vocational expert who testified at the hearing, the ALJ concluded that Martinez could perform millions of jobs in the national economy, such as cashier, ticket seller, restaurant checker, and jewelry assembler. *See id.*

3. Plaintiff appealed the ALJ's decision to the Appeals Council. The Appeals Council vacated the ALJ's decision and remanded the case to the ALJ with instructions that the ALJ hold a second hearing, obtain additional evidence, make further evaluations, and issue a new decision. *See* Record at 326-29.

4. The ALJ held additional hearings on October 21, 1997 and February 2, 1998. The February hearing was necessary because Plaintiff fainted during the October hearing. On February 10, 1998, the ALJ issued a decision ("the 1998 decision") that Plaintiff was not disabled prior to December 31, 1994. *See* Record at 9-26. Plaintiff's attorney requested that the Appeals Council review the ALJ's 1998 decision by a letter dated February 17, 1998. *See* Record at 7-8. In that letter, Plaintiff's attorney requested copies of tape recordings of the October, 1997 and

February, 1998 hearings so that he could provide a complete written analysis for the appeal. *See id.* The Appeals Council never provided the requested tapes, but instead denied the appeal on February 23, 1999. Plaintiff's attorney objected to the Appeals Council decision to deny the appeal without providing the requested tapes and without a written analysis by Plaintiff's counsel, but the Appeals Council did not reopen the case. *See* Exhibit A to Def. Reply Brief *(Doc. 10)*. Therefore, the 1998 decision of the ALJ has been adopted by the Defendant as the final administrative action in this case.

5. In the 1998 decision, the ALJ applied the sequential evaluation approach described in 20 C.F.R. § 1520. The ALJ concluded that Martinez has not engaged in substantial gainful activity since the onset of her alleged disability (step 1) and that her degenerative osteoarthritis was a severe impairment (step 2). *See* Record at 16, 25. Neither party disputes these findings. The ALJ also found that Martinez' depression was not a severe impairment. *See* Record at 25 Plaintiff disputes this finding on the grounds that it is not supported by substantial evidence.

6. At step three, the ALJ found that Martinez' physical impairments did not meet or equal any of the impairments listed in Appendix 1 to Subpart P, 20 C.F.R. §§ 404.1501-.1599 (the "Listing of Impairments"). At step four, the ALJ found that Plaintiff's residual functional capacity (RFC) as of December 31, 1994 would allow her to perform the jobs of assistant bookkeeper and receptionist. *See* Record at 24, 26. The ALJ characterized Plaintiff's past relevant work as assistant bookkeeper and receptionist, in addition to her work as a hairdresser (which she was no longer able to perform). *See* Record at 26. Thus, the ALJ's decision to deny benefits was based on Plaintiff's failure to establish, at step four of the sequential evaluation process, that she was unable to perform her past relevant work prior to December 31, 1994. *See* Record at 26.

7. Plaintiff disputes the ALJ's finding that she was able to perform her relevant past work. In particular, Plaintiff raises three arguments on this point: first, that the ALJ failed to comply with the Appeals Council's remand order; second, that the ALJ's finding that Plaintiff has the RFC for the wide range of sedentary work is not supported by substantial evidence; and third, that the ALJ's finding that Plaintiff's complaints of pain were not credible was erroneous.

8. As a preliminary matter, Defendant argues that Plaintiff's claims were waived because Plaintiff did not raise these any specific claims before the Appeals Counsel after remand. I disagree. Plaintiff filed a notice of appeal with the Appeals Council and requested the opportunity to review audiotapes before filing a written brief in support of the appeal. Instead of providing those tapes, the Appeals Council summarily denied the appeal. Plaintiff timely requested that the Appeals Council reconsider its summary denial, and submitted a detailed letter raising all of the specific issues that she now brings before this Court. *See* Ex. A to Pl.'s Reply Brief. The Appeals Council had the opportunity to consider all of these claims before this lawsuit was filed, but chose instead to sustain its summary affirmance. I propose finding that Plaintiff has not waived her claims.

9. It is not necessary to decide whether the ALJ erred by failing to follow the Appeals Council's remand orders. This Court's function is to determine whether the final agency decision is in accordance with the law; whether the ALJ complied with the remand orders is not within this Court's jurisdiction *unless* by failing to comply with remand orders, the final agency decision is not in accordance with the law. *See Gallegos v. Apfel*, No. 97-2267, 1998 WL 166064, at *1 (10th Cir. April 10, 1998) (unpublished opinion). However, as stated below, the ALJ would have done well to comply with the remand orders because the ALJ's 1998 decision failed to properly assess Ms. Martinez' residual functional capacity.

10. The Court's scope of review is limited to whether the ALJ's decision is supported by substantial evidence and whether the ALJ applied the correct legal standards. *See Hamilton v. Secretary of Health and Human Svcs.*, 961 F.2d 1495, 1497-98 (10th Cir. 1992). Evidence is substantial if "a reasonable mind might accept [it] as adequate to support a conclusion." *Andrade v. Secretary of Health and Human Svcs.*, 985 F.2d 1045, 1047 (10th Cir. 1993) (quoting *Broadbent v. Harris*, 698 F.2d 407, 414 (10th Cir. 1983) (citation omitted)).

11. The ALJ's finding that Plaintiff's depression was not severe is supported by substantial evidence. Mental impairments are evaluated using a slightly different procedure than other impairments. *See* 20 C.F.R. § 404.1520a. Following this procedure, Plaintiff must first establish that she suffers from a mental impairment, the so-called "A-criteria." After finding that Plaintiff's depression met the A-criteria in section 12.04 of the Listing of Impairments, the ALJ evaluated the severity of Plaintiff's depression under the B-criteria. That analysis, in section 12.04 of the Listing of Impairments, requires the ALJ to evaluate Plaintiff's depression in four areas:

1. Restriction of activities of daily living;

2. Difficulties in maintaining social functioning;

3. Deficiencies of concentration, persistence or pace resulting in failure to complete tasks in a timely manner (in work settings or elsewhere); and

4. Episodes of deterioration or decompensation in work or work-like settings which cause the individual to withdraw from that situation or to experience exacerbation of signs and symptoms (which may include deterioration of adaptive behaviors).

*See* Listing of Impairments, § 12.04(B). The ALJ is required to evaluate the first two factors using the terms none, slight, moderate, marked and extreme. *See* 20 C.F.R. § 404.1520a (b)(3). The third factor is evaluated as never, seldom, often, frequent and constant. *See id.* The fourth

factor is evaluated in terms of never, once or twice, repeated, and continual. *See id.* If Plaintiff's impairment is evaluated as none or slight in each of the first two categories, never or seldom in the third category, and never in the fourth category, then Plaintiff's impairment is generally considered to be not severe. *See id*. § 404.1520a (c) (1). If Plaintiff's condition is evaluated at the highest two levels of severity in at least two of the four criteria, then Plaintiff's condition would meet or equal a listed impairment and disability would be established. Otherwise, if Plaintiff's condition is severe but not equal in severity to a listed impairment, the analysis would proceed to step four for evaluation of residual functional capacity.

12. The ALJ noted that Plaintiff presented evidence of only a slight impairment in the activities of daily living, no evidence of difficulties in maintaining social functioning, evidence that she only seldom has deficiencies in concentration, persistence and pace, and no evidence that she has decompensated in a work-like setting. *See* Record at 17-18. Therefore, according to the ALJ, Plaintiff's condition is not severe based on the guidelines in 20 C.F.R. § 404.1520a (c)(1). Plaintiff challenges these findings, claiming that the ALJ relied on an incomplete and inconsistent assessment by Dr. Balcazar.

13. I note that the determination of whether a mental impairment is severe is made at the second step of the sequential evaluation process, at which point the burden of proof is on the Plaintiff to come forward with affirmative evidence that the impairment is severe. The only evidence that Plaintiff presents to challenge the ALJ's findings is Dr. Balcazar's rating of "poor" on Axis V, the Global Assessment of Functioning scale. *See* Record at 229. However, Plaintiff takes this statement out of context. There is no indication that this rating of assessment is due to Plaintiff's depression as opposed to her physical impairment. Indeed, Dr. Balcazar's report clearly indicates that he believes her functional deficiencies to be physical in nature rather than

mental, and that her depression is well controlled by medication. *See id.* Dr. Balcazar reports that as of the date of his report, "only occasionally [Plaintiff] might have a day in which she feels somewhat down." *Id.* This finding is entirely consistent with the ALJ's findings and the other medical evidence. *See* Record at 222-25. I conclude that there is substantial evidence supporting the ALJ's finding that Plaintiff's depression is not a severe impairment and that Plaintiff has not met her burden of proof on that issue. Certainly, there is no evidence that Plaintiff's depression is equal in severity to a listed impairment.

14. At step four in the sequential evaluation process, the ALJ found that Ms. Martinez could return to her past relevant work as an assistant bookkeeper and receptionist. *See* Record at 26. This finding by the ALJ in the 1998 decision marks a departure from the ALJ's prior findings in 1996 that she could not return to her relevant past work as an assistant bookkeeper, hairdresser, sales person, or cashier. *See* Record at 316. In the 1998 decision, the ALJ reached the conclusion that Plaintiff could return to her past work as assistant bookkeeper and receptionist by a rather circuitous process. The usual process at step four would be for the ALJ to make findings of fact as to the individual's residual functional capacity ("RFC"), the physical and mental demands of the relevant past job or occupation, and whether the individual's RFC would permit a return to the past work. *See* Social Security Ruling 82-62, as cited by the ALJ, Record at 23. Instead of making *specific* findings of fact as to Ms. Martinez' *specific* abilities, or *specific* findings as to the demands of the relevant past jobs, the ALJ concluded that Plaintiff has the RFC to perform the full range of sedentary work, that assistant bookkeeper and receptionist are sedentary jobs, and therefore Plaintiff can return to those previous jobs.

15. The ALJ's findings that Plaintiff can perform the full range of sedentary work is not supported by substantial evidence. The physical examination report by Dr. Hamilton, a

treating physician, indicates that as of July 1994, she could not lift more than five pounds "occasionally" and two pounds "frequently." *See* Record at 239. Dr. Hamilton's report also indicated that she could not stand or walk for more than fifteen minutes at a time, and could stand or walk for that amount of time only with the assistance of a walker. *See id.* To perform the full range of sedentary work, Plaintiff must be able to occasionally lift or carry articles such as docket files and ledgers that may weigh as much as ten pounds. *See* 20 C.F.R. §404.1567 (a). Further, the limitations imposed by her need to use a walker appear to be incompatible with these duties and are not discussed by the ALJ. The only evidence in the record that Plaintiff can perform this work is the RFC assessment by Dr. Nancy Nickerson, the state agency medical consultant. *See* Record at 149. The ALJ did not rely on Dr. Nickerson's findings in the 1998 decision. In any event, that assessment by itself would be insufficient because as the ALJ noted, the RFC assessment by a state agency consultant such as Dr. Nickerson is to be considered as a medical opinion from a non-examining source. *See* Social Security Ruling 96-6p, as cited by the ALJ in Record at 20. It would be unreasonable to rely on such a non-examining source opinion standing alone where a treating physician comes to the opposite conclusion. *See Reid v. Chater*, 71 F.3d 372, 374 (10th Cir. 1995); *Castellano v. Secretary of Health & Human Serv's*, 26 F.3d 1027, 1029 (10th Cir. 1994).

16. The ALJ also adopted some of the conclusory findings of Dr. Jabczenski. *See* Record at 25. However, the conclusory findings that are adopted are internally inconsistent, and inconsistent with the Social Security regulations, if they are meant to refer to "light and sedentary work" as those terms are used in the regulations. For example, Dr. Jabczenski concludes that Ms. Martinez could perform sedentary and light work, but goes on to state that he thinks she can perform her job as a beautician (which is light work) on no more than a part-time basis. *See*

Record at 241. Dr. Jabczenski's letter made no specific findings as to Plaintiff's abilities, and no functional capacity evaluation appears to have been performed. Dr. Jabczenski's findings are also inconsistent with the more detailed findings of Dr. Hamilton. *See* Record at 239-40. Thus, I conclude it was error for the ALJ to adopt the conclusory findings of Dr. Jabczenski without an inquiry as to what he meant by Ms. Martinez' ability to perform light and sedentary work.

17. The ALJ did not make a specific finding that Plaintiff's relevant past work did not require her to lift more than five pounds, or any findings whatsoever as to the specific demands of her relevant past work. Instead, the ALJ simply characterized the jobs of assistant bookkeeper and receptionist as "sedentary." *See* Record at 24, 26. In view of the fact that the record does not support Plaintiff's ability to perform the full range of sedentary work, the ALJ erred in relying exclusively on the characterization of these jobs as "sedentary" to come to the conclusion that Plaintiff could perform these jobs.

18. Defendant urges that even if the ALJ's findings at step four are rejected, the ALJ made sufficient findings to justify affirming the decision at step five. At step five, the burden shifts to the Commissioner to show that Plaintiff has the residual functional capacity to perform jobs that exist in significant numbers in the national economy. Unfortunately for the Commissioner, the ALJ's decision does not support a finding that Ms. Martinez can perform the full range of sedentary work, as stated in paragraph 15, *supra*. Therefore, any step five analysis would also fail because there is insufficient evidence that Ms. Martinez as of December 31, 1994 could perform jobs that exist in significant numbers in the national economy.

19. Remand is therefore necessary to allow the Commissioner the opportunity to determine whether the physical demands of assistant bookkeeper and receptionist require Plaintiff to carry more than five pounds occasionally or more than two pounds frequently, whether those

jobs require Plaintiff to stand or walk more than fifteen minutes at a time while using a walker, and whether Plaintiff's other limitations would enable her to perform those jobs with her RFC as it existed on December 31, 1994.

### Recommended Disposition

The ALJ's decision is not supported by substantial evidence. I recommend that Plaintiff's motion to reverse or to remand be granted in part, the decision of the ALJ vacated, and this case remanded to the agency for further findings at steps four and five of the sequential evaluation process. Timely objections to the foregoing may be made pursuant to 28 U.S.C. §636(b)(1)(C). Within ten days after a party is served with a copy of these proposed findings and recommendations that party may file with the Clerk of the District Court written objections to such proposed findings and recommendations. A party must file any objections within the ten day period allowed if that party wants to have appellate review of the proposed findings and recommendations. If no objections are filed, no appellate review will be allowed.

_____
Leslie C. Smith
UNITED STATES MAGISTRATE JUDGE

F:\aaSS Orders\99-298 pfd.wpd